UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CHRISTOPHER ALAN STAPLETON

CASE NO.: 8:09-cr-509-T-26 AEP
18 U.S.C. § 371
18 U.S.C. § 1014 and 2

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
(Conspiracy - 18 U.S.C. § 371)

**A. Introduction**

At times material to this Indictment:

1. CHRISTOPHER ALAN STAPLETON was a resident of Pinellas County, Florida.

**B. The Conspiracy**

2. From an unknown date, but at least as early as in or about January 2007, and continuing through in or about August 2007, in the Middle District of Florida, and elsewhere,

CHRISTOPHER ALAN STAPLETON,

the defendant herein, did unlawfully, knowingly and willfully combine, conspire, confederate and agree with other individuals, both known and unknown to the Grand Jury, to commit certain offenses against the United States, that is, to devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises,

utilizing transmissions by means of wire and radio communication in interstate and foreign commerce of any writings, signs, signals, and sounds, affecting a financial institution, in violation of Title 18, United States Code, Section 1343.

C. **The Manner and Means**

3. The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others:

(a) It was a part of the conspiracy that conspirators would and did induce lenders to fund mortgage and home equity loans through false pretenses, representations, and promises;

(b) It was a further part of the conspiracy that conspirators would and did include false information on applications for mortgage and home equity loans, including, but not limited to, false information about the contract sales prices of the subject properties and about the applicant's income;

(c) It was a further part of the conspiracy that conspirators would and did provide property appraisers with false information about the contract sales prices of the subject properties;

(d) It was a further part of the conspiracy that conspirators would and did prepare and cause to be prepared HUD-1 Settlement Statements that falsely overstated the contract sales prices of the subject properties and fraudulently misrepresented the amounts paid to the sellers of the subject properties;

(e) It was a further part of the conspiracy that conspirators would and did cause interstate wire transfers of the proceeds of the loans obtained from the victim lenders through the submission of false and fraudulent loan applications containing

material misrepresentations, such representations being for the purpose of inducing the lenders to lend money which the borrower would not otherwise legitimately have been able to obtain;

(f) It was a further part of the conspiracy that conspirators would and did cause loan proceeds to be disbursed to the buyer of the subject properties, which disbursements conspirators would and did conceal from the lenders.

(g) It was a further part of the conspiracy that conspirators would and did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the conspiracy and the purpose of those acts.

**D. Overt Acts**

4. In furtherance of the conspiracy and to effectuate the objects thereof, the following overt acts, among others, were committed within the Middle District of Florida, and elsewhere:

**A. 547 LILLIAN DRIVE, MADEIRA BEACH, FLORIDA 33708**

(1) On or about January 23, 2007, CHRISTOPHER ALAN STAPLETON caused the preparation of a Residential Sale and Purchase Contract for the property located at 547 Lillian Drive, Madeira Beach, Florida 33708, which Residential Sale and Purchase Contract falsely represented that the contract sales price was $700,000, as well as a Comprehensive Addendum which reflected the true contract sales price of $520,000.

(2) On or about February 16, 2007, a coconspirator transmitted via facsimile to a property appraiser the Residential Sale and Purchase Contract for the

property located at 547 Lillian Drive, Madeira Beach, Florida 33708, which Residential Sale and Purchase Contract falsely represented that the contract sales price was $700,000.

(3) On or about February 19, 2007, a coconspirator transmitted via facsimile to another coconspirator the Residential Sale and Purchase Contract for the property located at 547 Lillian Drive, Madeira Beach, Florida 33708, which Residential Sale and Purchase Contract falsely represented that the contract sales price was $700,000, along with a Comprehensive Addendum which reflected the true contract sales price of $520,000.

(4) On or about March 16, 2007, CHRISTOPHER ALAN STAPLETON signed a Uniform Residential Loan Application for $490,000 in connection with the purchase of the property located at 547 Lillian Drive, Madeira Beach, Florida 33708, which Uniform Residential Loan Application falsely represented that the contract sales price was $700,000 and that CHRISTOPHER ALAN STAPLETON's gross monthly income was $92,000.

(5) On or about March 16, 2007, CHRISTOPHER ALAN STAPLETON signed a Uniform Residential Loan Application for $140,000 in connection with the purchase of the property located at 547 Lillian Drive, Madeira Beach, Florida 33708, which Uniform Residential Loan Application falsely represented that CHRISTOPHER ALAN STAPLETON's gross monthly income was $92,000.

(6) On or about March 16, 2007, a coconspirator caused the preparation of a HUD-1 Settlement Statement in connection with the closing of the sale of the property located at 547 Lillian Drive, Madeira Beach, Florida 33708, which HUD-1

Settlement Statement falsely reflected that the contract sales price was $700,000 and that an entity controlled by CHRISTOPHER ALAN STAPLETON had loaned the seller $180,000 in connection with the transaction.

(7) On or about March 16, 2007, CHRISTOPHER ALAN STAPLETON signed the HUD-1 Settlement Statement prepared in connection with the closing of the sale of the property located at 547 Lillian Drive, Madeira Beach, Florida 33708, which HUD-1 Settlement Statement falsely reflected that the contract sales price was $700,000 and that an entity controlled by CHRISTOPHER ALAN STAPLETON had loaned the seller $180,000 in connection with the transaction.

(8) On or about March 16, 2007, CHRISTOPHER ALAN STAPLETON and coconspirators caused Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender, to fund and transmit via wire communication $485,973.22 to Knaust & Associates, PA.

(9) On or about March 16, 2007, CHRISTOPHER ALAN STAPLETON and coconspirators caused Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender, to fund and transmit via wire communication $140,000 to Knaust & Associates, PA.

(10) On or about March 16, 2007, a coconspirator caused to be made check # 4590 in the amount of $180,000, made payable to an entity controlled by CHRISTOPHER ALAN STAPLETON, and drawn on the Knaust & Associates, PA, Title Insurance Closing Services Escrow Account.

B. <u>12270 4TH STREET EAST, TREASURE ISLAND, FLORIDA 33706</u>

(11) On or about March 1, 2007, CHRISTOPHER ALAN STAPLETON caused the preparation of a Residential Sale and Purchase Contract for the property located at 12270 4th Street East, Treasure Island, Florida 33706, which Residential Sale and Purchase Contract falsely represented that the contract sales price was $735,000, as well as a Comprehensive Addendum which reflected the true contract sales price of $540,000.

(12) On or about March 1, 2007, a coconspirator transmitted via facsimile to a property appraiser the Residential Sale and Purchase Contract for the property located at 12270 4th Street East, Treasure Island, Florida 33706, which Residential Sale and Purchase Contract falsely represented that the contract sales price was $735,000.

(13) On or about March 19, 2007, a coconspirator transmitted via facsimile to another coconspirator the Residential Sale and Purchase Contract for the property located at 12270 4th Street East, Treasure Island, Florida, 33706, which Residential Sale and Purchase Contract falsely represented that the contract sales price was $735,000, along with a Comprehensive Addendum which reflected the true contract sales price of $540,000.

(14) On or about April 20, 2007, CHRISTOPHER ALAN STAPLETON signed a Uniform Residential Loan Application for $514,500 in connection with the purchase of the property located at 12270 4th Street East, Treasure Island, Florida 33706, which Uniform Residential Loan Application falsely represented that the contract

sales price was $735,000 and that CHRISTOPHER ALAN STAPLETON's gross monthly income was $92,000.

(15) On or about April 20, 2007, CHRISTOPHER ALAN STAPLETON signed a Uniform Residential Loan Application for $147,000 in connection with the purchase of the property located at 12270 4th Street East, Treasure Island, Florida 33706, which Uniform Residential Loan Application falsely represented that CHRISTOPHER ALAN STAPLETON's gross monthly income was $92,000.

(16) On or about April 20, 2007, a coconspirator caused the preparation of a HUD-1 Settlement Statement in connection with the closing of the sale of the property located at 12270 4th Street East, Treasure Island, Florida 33706, which HUD-1 Settlement Statement falsely reflected that the contract sales price was $735,000 and that the seller was to receive $634,812.48 at closing.

(17) On or about April 20, 2007, CHRISTOPHER ALAN STAPLETON signed the HUD-1 Settlement Statement prepared in connection with the closing of the sale of the property located at 12270 4th Street East, Treasure Island, Florida 33706, which HUD-1 Settlement Statement falsely reflected that the contract sales price was $735,000 and that the seller was to receive $634,812.48 at closing.

(18) On or about April 20, 2007, CHRISTOPHER ALAN STAPLETON and coconspirators caused Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender, to fund and transmit via wire communication $502,896.89 to Knaust & Associates, PA.

(19) On or about April 20, 2007, CHRISTOPHER ALAN STAPLETON and coconspirators caused Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender, to fund and transmit via wire communication $147,367.50 to Knaust & Associates, PA.

(20) On or about April 20, 2007, a coconspirator caused to made check #2188 in the amount of $195,000, made payable to an entity controlled by CHRISTOPHER ALAN STAPLETON, and drawn on the Lawyers Trust Account of Knaust & Associates, PA.

C. 635 34TH AVENUE NE, ST. PETERSBURG, FLORIDA 33704

(21) On or about June 11, 2007, CHRISTOPHER ALAN STAPLETON caused the preparation of an As Is Sale and Purchase Contract for the property located at 635 34th Avenue NE, St. Petersburg, Florida 33704, which As Is Sale and Purchase Contract falsely represented that the contract sales price was $2,350,000, as well as a Comprehensive Addendum which reflected the true contract sales price of $1,400,000.

(22) On or about July 31, 2007, a coconspirator transmitted via facsimile to a property appraiser the As Is Sale and Purchase Contract for the property located at 635 34th Avenue NE, St. Petersburg, Florida, 33704, which As Is Sale and Purchase Contract falsely represented that the contract sales price was $2,350,000, when in fact the true contract sales price was $1,400,000.

(23) On or about August 7, 2007, CHRISTOPHER ALAN STAPLETON signed a Uniform Residential Loan Application for $1,880,000 in connection with the purchase of the property located at 635 34th Avenue NE, St. Petersburg, Florida 33704, which Uniform Residential Loan Application falsely represented that the contract

sales price was $2,350,000 and that CHRISTOPHER ALAN STAPLETON's gross monthly income was $108,000.

(24) On or about August 7, 2007, CHRISTOPHER ALAN STAPLETON signed a Uniform Residential Loan Application for $230,000 in connection with the purchase of the property located at 635 34th Avenue NE, St. Petersburg, Florida 33704, which Uniform Residential Loan Application falsely represented that the contract sales price was $2,350,000 and that CHRISTOPHER ALAN STAPLETON's gross monthly income was $108,000.

(25) On or about August 7, 2007, a coconspirator caused the preparation of a HUD-1 Settlement Statement in connection with the closing of the sale of the property located at 635 34th Avenue NE, St. Petersburg, Florida 33704, which HUD-1 Settlement Statement falsely reflected that the contract sales price was $2,350,000 and that the seller was to receive $1,864,855.54 at closing.

(26) On or about August 7, 2007, CHRISTOPHER ALAN STAPLETON signed the HUD-1 Settlement Statement prepared in connection with the closing of the sale of the property located at 635 34th Avenue NE, St. Petersburg, Florida 33704, which HUD-1 Settlement Statement falsely reflected that the contract sales price was $2,350,000 and that the seller was to receive $1,864,855.54 at closing.

(27) On or about August 7, 2007, CHRISTOPHER ALAN STAPLETON and coconspirators caused Washington Mutual Bank to fund and transmit via wire communication $1,906,223 to Knaust & Associates, PA.

(28) On or about August 7, 2007, CHRISTOPHER ALAN STAPLETON and coconspirators caused Washington Mutual Bank to fund and transmit via wire communication $230,000 to Knaust & Associates, PA.

(29) On or about August 7, 2007, a coconspirator caused to be made two checks – check #2322 in the amount of $500,000, and check #2329 in the amount of $293,480.39 – made payable to CHRISTOPHER STAPLETON, and drawn on the Lawyers Trust Account of Knaust & Associates, PA.

All in violation of Title 18, United States Code, Section 371.

**COUNT TWO**
(False Statement in Loan Application)

On or about August 7, 2007, in Pinellas County, in the Middle District of Florida,

CHRISTOPHER ALAN STAPLETON,

the defendant herein, did knowingly and willfully make false statements to a financial institution, that is, Washington Mutual Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, to wit, that the contract sales price of the property located at 635 34th Avenue NE, St. Petersburg, Florida 33704, was $2,350,000, and that Christopher Stapleton's gross monthly income was $108,000, which statements the defendant knew to be false, and which statements the defendant made with the intent to influence the action of Washington Mutual Bank upon an application for a loan, in the amount of $1,880,000, for the purpose of purchasing the property located at 635 34th Avenue NE, St. Petersburg, Florida 33704.

In violation of Title 18, United States Code, Sections 1014 and 2.

**COUNT THREE**
(False Statement in Loan Application)

On or about August 7, 2007, in Pinellas County, in the Middle District of Florida,

CHRISTOPHER ALAN STAPLETON,

the defendant herein, did knowingly and willfully make false statements to a financial institution, that is, Washington Mutual Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, to wit, that the contract sales price of the property located at 635 34th Avenue NE, St. Petersburg, Florida 33704, was $2,350,000, and that Christopher Stapleton's gross monthly income was $108,000, which statements the defendant knew to be false, and which statements the defendant made with the intent to influence the action of Washington Mutual Bank upon an application for a loan, in the amount of $230,000, for the purpose of purchasing the property located at 635 34th Avenue NE, St. Petersburg, Florida 33704.

In violation of Title 18, United States Code, Sections 1014 and 2.

**FORFEITURES**

1. The allegations contained in Counts One through Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982.

2. The defendant, CHRISTOPHER ALAN STAPLETON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982, any and all right, title, and interest he may have in any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of such violation of Title 18, United States Code, Section 371, charged in Count One of the Indictment,

including, but not limited to, the following: A sum of money equal to the amount of proceeds obtained as a result of such offense.

3. The defendant, CHRISTOPHER ALAN STAPLETON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982, any and all right, title, and interest he may have in any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of such violation of Title 18, United States Code, Section 1014, including but not limited to the following: A sum of money equal to $1,880,000.00 in United States currency, representing the amount of proceeds obtained as a result of the offense charged in Count Two of this Indictment.

4. The defendant, CHRISTOPHER ALAN STAPLETON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982, any and all right, title, and interest he may have in any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of such violation of Title 18, United States Code, Section 1014, including but not limited to the following: A sum of money equal to $230,000.00 in United States currency, representing the amount of proceeds obtained as a result of the offense charged in Count Three of the Indictment.

5. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL,

Foreperson

A. BRIAN ALBRITTON
United States Attorney

By:
RACHELLE DESVAUX BEDKE
Assistant United States Attorney

By:
ROBERT T. MONK
Assistant United States Attorney
Deputy Chief, Economic Crimes

FORM OBD-34
APR 1991

No. 8:09-CR

**UNITED STATES DISTRICT COURT**

Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

CHRISTOPHER ALAN STAPLETON

**INDICTMENT**

Violations:

Title18, United States Code, Section 371 - Count One
Title 18, United States Code, Section 1014 and 2 - Counts Two and Three

A true bill,

______________________
Foreperson

Filed in open court this 29th day

of October, 2009.

______________________
Clerk

Bail $__________

GPO 863 525